Deborah Katz PUESCHEL,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

Deborah Katz Pueschel,
Plaintiff–Appellant,

v.

Norman Y. Mineta, Secretary, United States Department of Transportation, Defendant–Appellee.

Nos. 03–1005, 03–1006.

United States Court of Appeals,
Fourth Circuit.

May 14, 2004.

Argued: Jan. 20, 2004.

Decided: May 14, 2004.

**ARGUED:** George Michael Chuzi, Kalijarvi, Chuzi & Newman, P.C., Washington, D.C., for Appellant. Dennis Edward Szybala, Assistant United States Attorney, Alexandria, Virginia, for Appellees. **ON BRIEF:** Mary Madeline McCarthy, Office of Regional, Federal Aviation Administration, Jamaica, New York; Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellees.

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part, reversed in part, and remanded by published opinion. Judge GREGORY wrote the opinion, in which Judge WILKINSON and Judge SHEDD joined.

## OPINION

GREGORY, Circuit Judge:

Deborah Katz Pueschel, a former air traffic controller ("ATC"), appeals from two separate judgments of the United States District Court for the Eastern District of Virginia dismissing her respective causes of action against the Federal Aviation Administration ("FAA") and Secretary of Transportation. Pueschel brought suit against the FAA under the Federal Tort Claims Act ("FTCA") alleging that the FAA negligently and intentionally caused her to suffer severe emotional distress and exacerbated her preexisting work disabili-

ty by subjecting her to a hostile workplace, sexual harassment and retaliation for filing complaints about her work environment (hereinafter "FTCA suit"). Pueschel also sued the Secretary of Transportation alleging that the FAA, an agency within the Department of Transportation, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, by failing to provide her equal access to employment opportunities and awards and by interfering with the processing of her disability claims filed with the Office of Workers' Compensation Programs (hereinafter "OWCP claim") because of her gender, work disability and in retaliation for filing complaints about her work environment (hereinafter "Title VII suit").

On October 1, 2002, Judge Hilton dismissed Pueschel's FTCA suit on the bases that it (1) should have been brought under Title VII, which provides federal employees their exclusive remedies for employment discrimination, rather than the FTCA; (2) was barred, even if properly brought under Title VII, by the doctrine of *res judicata* because in a prior Title VII action brought by Pueschel the FAA was found not to have discriminated against her on the basis of her gender and work disability or to have retaliated against her for filing prior complaints; and (3) failed to state a claim in light of the fact that Virginia employers do not have a common law duty to ensure that their employees are not subjected to sexual harassment and retaliation. On November 6, 2002, Judge Wexler dismissed Pueschel's Title VII suit on the basis that Judge Hilton's decision, specifically his conclusion that Pueschel was precluded from bringing a Title VII action asserting discrimination and retaliation claims arising out of her FAA employment, barred her Title VII suit under the doctrine of *res judicata.*

On appeal, Pueschel argues that Judge Hilton erred by dismissing her FTCA suit on *res judicata* grounds. She also argues that Judge Hilton abused his discretion by failing to construe the FAA's motion to dismiss, to which the FAA attached a binder of exhibits, as a motion for summary judgment. Pueschel further contends that she was not afforded an opportunity to respond to the FAA's motion to dismiss her FTCA suit because the district court did not hold a hearing prior to ruling on the FAA's motion. Moreover, Pueschel argues that Judge Hilton abused his discretion by denying her motion to stay the proceedings and transfer her FTCA suit to Florida, where she presently resides. Lastly, Pueschel argues that Judge Wexler erred by concluding that her Title VII suit was barred by Judge Hilton's dismissal of her FTCA suit.

With regard to Pueschel's FTCA suit, we hold that it was properly dismissed on preemption grounds given that Title VII establishes the exclusive and preemptive scheme under which federal employees can seek redress for employment discrimination. Because Pueschel failed to respond to the FAA's motion to dismiss, we hold that her argument that the FAA's motion to dismiss should have been treated as one for summary judgment is of no moment. Irrespective of whether the motion was treated as one for dismissal or summary judgment, Pueschel had eleven days under the district court's local rules to respond and failed to do so. We further hold that Pueschel's argument that she was not afforded an opportunity to respond to the FAA's motion to dismiss is without merit because there is no requirement that a district judge hold a hearing prior to ruling on such a motion. Lastly, we hold that the denial of her motion to stay and transfer her FTCA suit did not constitute an abuse of discretion.

With regard to Pueschel's Title VII suit, we hold that her claim that the FAA did not provide her equal access to employment opportunities and awards because of her gender, work disability and in retaliation for filing prior complaints is precluded by the doctrine of *res judicata.* We also hold, however, that her OWCP claim—which alleges that the FAA's interference with the processing of her workers' compensation claims has resulted in her benefits being improperly taxed—is not precluded. Although Pueschel asserted in a prior Title VII action that the FAA was interfering with the processing of her workers' compensation claims, the FAA in effect agreed to "split" Pueschel's OWCP claim from that Title VII action by informing the court that this claim was asserted in another complaint, which has now become Pueschel's present Title VII suit, and thus not part of that suit. We therefore reverse this part of the judgment dismissing Pueschel's Title VII suit and remand for further proceedings.

## I.

In 1974, Pueschel became one of the first women to enter the ATC program and was soon thereafter assigned to the Washington Air Traffic Center in Leesburg, Virginia. On September 14, 1981, however, the FAA, pursuant to an Executive Order issued by President Reagan, terminated Pueschel and approximately 1,400 other ATCs for allegedly engaging in an illegal strike against the FAA. Prior to being terminated, however, Pueschel commenced an action against the Secretary of Transportation in the United States District Court for the District of Columbia alleging that she had been subjected to sexual harassment and to disparate and adverse personnel actions amounting to gender discrimination in violation of Title VII. Because these alleged incidents occurred in Virginia, Pueschel's suit was transferred to the United States District Court for the Eastern District of Virginia where, after a bench trial, judgment was entered against her. On appeal, we reversed in part and affirmed in part. *Katz v. Dole,* 709 F.2d 251, 253 (4th Cir.1983). Specifically, we held that Pueschel had made "out a case of sexual harassment actionable under Title VII but [found] no error in the district court's handling of [her] disparate treatment claim." *Id.* On remand, the district court entered an order enjoining the FAA from engaging in conduct that caused, encouraged or condoned the sexual harassment of Pueschel.

In addition to her Title VII action, Pueschel commenced an administrative action against the FAA challenging her dismissal for allegedly participating in an illegal strike against the FAA. *Katz v. FAA,* 17 M.S.P.R. 303 (1983). Pueschel contended that she had been improperly terminated because her absence from work was due to physical and mental health reasons rather than participation in the strike. *Id.* at 306. The Merit System Protection Board ("MSPB") ruled in favor of Pueschel, noting that her history of physical and mental health problems was sufficient evidence to rebut the FAA's presumption that she missed work to participate in the strike. *Id.* at 306–10. Pursuant to the MSPB's ruling, Pueschel was reinstated as an ATC and awarded back pay and attorney's fees.

After her reinstatement in January 1984, Pueschel was assigned a regular shift during which air traffic is lower, even though ATCs are not generally assigned regular shifts, because she suffers from asthma, fibromyalgia, anxiety, sacroidosis and edema—conditions aggravated by stress and fatigue. On August 18, 1992, however, Pueschel filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that she was

"being treated differently because she is female, has a job related handicap, has filled [sic] EEO Complaints, and testified before congress [sic]" and that "her career [had] not progressed normally and her PER's [Performance Evaluation Ratings] have suffered because she has been labeled a trouble maker ... [and that] her peers ... received promotions, details, and awards and she [had] not been allowed to demonstrate her abilities to qualify for promotions and awards." J.A. 109. Pueschel also alleged that her workers' compensation benefits were improperly taxed as a result of the FAA's interference with the processing of her claims. *Id.* at 115. After the FAA investigated and denied her claims, Pueschel requested a hearing before the EEOC, which was scheduled for May 11, 1994.

On April 5, 1994, however, Pueschel suffered a stress-related episode after a team comprised of FAA and ATC union representatives approached her about the possibility of altering her work schedule. As a result of this stress-related episode, Pueschel took a sick leave from work and has not returned to her employment with the FAA. On April 6th, one day after taking her sick leave, Pueschel requested and was subsequently granted a postponement of her EEOC hearing on the basis that she was too ill to participate.

Prior to being granted a postponement, however, Pueschel filed a second EEOC complaint on April 20, 1994. In this complaint, to which Pueschel attached a twenty-two page handwritten narrative, Pueschel alleged that in retaliation for filing prior complaints the FAA (1) put her under the supervision of a manager that had been previously found to have sexually harassed her; (2) destroyed her personnel records; (3) denied her employment opportunities, awards and benefits made available to other employees; (4) purpose-

ly gave her low performance evaluation ratings; (5) interfered with the processing of her workers' compensation claims; and (6) discriminated against her by proposing to change her work schedule. By letter dated April 13, 1995, the FAA informed Pueschel that it was dismissing her complaint for failure to show how these alleged incidents caused her to suffer a specific injury or harm. In response, Pueschel commenced an action in the United States District Court for the District of Columbia asserting that the FAA dismissed her complaint without investigating her claims as required by law. The district court agreed and ordered the FAA to conduct a proper investigation of Pueschel's claims. In doing so, the district court noted that the investigation should focus on whether the FAA, because of Pueschel's sex and disability and in retaliation for prior claims, had:

(1) included in her confidential medical file notes concerning random drug tests;

(2) destroyed her time and attendance records contrary to her instructions;

(3) allowed her to be supervised by someone who previously had been found to have sexually harassed her;

(4) revised her shift assignment contrary to her doctor's instructions; and

(5) failed to process properly her claims for compensation with the OWCP.

Although the district court failed to list Pueschel's claim that she was denied employment opportunities, awards and benefits made available to other employees, neither party brought this to the court's attention. Consequently, the FAA proceeded to investigate the five claims identified by the district court and thereafter dismissed them because the first four were untimely raised and the fifth was outside the EEOC's jurisdiction. After being informed of the FAA's decision, Pueschel requested that the district court reconsider

the matter. The district court, however, determined that venue was only proper in the United States District Court for the Eastern District of Virginia and thus transferred the case. After the case was transferred, the FAA moved for summary judgment on all five identified claims. In doing so, however, the FAA noted that Pueschel had "filed another administrative EEO complaint specifically directed at the FAA's handling of her OWCP claims" and stated that the aforementioned "complaint [was] . . . being investigated and [thus] not part of [the present] lawsuit." *Id.* at 221. On August 27, 1997, the district court granted the FAA's motion for summary judgment, finding that Pueschel's claims "lack[ed] merit" and that it was impossible for "any reasonable jury [to] return a verdict in [her] favor . . . on any of the theories . . . propounded under either Title VII or the Rehabilitation Act." *Id.* at 328. We affirmed the district court's grant of summary judgment in an unpublished opinion. *Pueschel v. Slater,* 173 F.3d 425 (4th Cir. 1999)(*per curiam*)(table)(hereinafter "1997 Title VII action").

With respect to Pueschel's first EEOC complaint—her August 18, 1992 complaint—the FAA, in a letter dated April 18, 1995, dismissed her complaint for failure to prosecute. Pueschel appealed this decision to the EEOC's Office of Federal Operations, which reversed the FAA's decision and remanded Pueschel's complaint for further administrative proceedings. After Pueschel's complaint was remanded, the FAA investigated the claims asserted therein and found that Pueschel had not been subjected to discrimination because of her gender and work disability or in retaliation for filing prior complaints. The EEOC affirmed the FAA's findings and thereafter denied Pueschel's petition for reconsideration. Consequently, on September 24, 2001, Pueschel appealed to the United States District Court for the East-

ern District of Virginia thereby commencing her present Title VII suit.

In addition to her Title VII suit, Pueschel commenced her FTCA suit in September 2001 by filing a complaint in the United States District Court for the District of Columbia alleging that the FAA negligently and intentionally caused her to suffer severe emotional distress and exacerbated her preexisting work disability by subjecting her to a hostile workplace, sexual harassment and retaliation for filing complaints about her work environment. The FAA moved to dismiss Pueschel's FTCA suit on the basis of improper venue or, alternatively, requested transfer of the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1402(b), which states that venue for FTCA cases is proper only in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The district court held that "[t]he standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it," J.A. 40, and thus transferred Pueschel's FTCA suit to the Eastern District of Virginia.

After Pueschel's FTCA suit was transferred, the FAA, on October 2, 2002, moved to dismiss the suit, arguing that it (1) should have been brought under Title VII, (2) was barred by the doctrine of *res judicata* and (3) failed to state a claim under Virginia common law. Pueschel never responded to this motion. Instead, she filed, on October 15th, a motion to stay the proceedings and transfer the case to Florida, where she presently resides. After Pueschel failed to respond to the FAA's motion to dismiss, Judge Hilton, on October 30th, granted the FAA's motion, holding that Pueschel's suit should have been brought under Title VII, rather than the FTCA, because Title VII provides federal employees their exclusive remedy for

employment discrimination. Moreover, Judge Hilton concluded that the doctrine of *res judicata* precluded Pueschel from bringing the claims asserted in her FTCA suit under Title VII because the court in her 1997 Title VII action granted the FAA summary judgment on her claim that she had been subjected to "employment discrimination and retaliation during her FAA employment up to April 1994, when she went on leave." *Id.* at 6. Lastly, Judge Hilton stated that even if Pueschel had properly brought her claims under Title VII and her claims were not barred by *res judicata,* she failed to state a common law claim because Virginia common law does not impose a duty on employers to provide their employees a workplace that is free from sexual harassment and retaliation.

On November 6th, Judge Wexler dismissed Pueschel's Title VII suit on *res judicata* grounds, reasoning that he was bound by Judge Hilton's conclusion that Pueschel's 1997 Title VII action bars her from bringing another Title VII action asserting discrimination and retaliation claims arising out her FAA employment.

## II.

### A.

Pueschel argues that Judge Hilton erred by dismissing her FTCA suit on *res judicata* grounds. Because we find that Pueschel's FTCA suit was properly dismissed on preemption grounds, we need not address this argument.[1]

■ Title VII, *inter alia,* provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ... or to limit, segregate, or classify his employees ... in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex...." 42 U.S.C. §§ 2000e–2(a)(1)–(a)(2). Title VII also provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." *Id.* § 2000e–3(a). As originally enacted in 1964, however, Title VII did not apply to federal employees. Instead, employment discrimination claims brought by federal employees were governed by Executive Orders and agency regulations. In general, a federal agency accused of discrimination would investigate the claim, conduct a hearing and render a final decision, which could only be appealed to the Board of Appeals and Review of the Civil Service Commission ("CSC"). *Brown v. GSA,* 425 U.S. 820, 825, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Consequently, employment discrimination claims brought by federal employees were adjudicated by the agency accused of the wrongdoing and could not be appealed in federal court.

Believing that such a system failed to provide federal employees sufficient protection against employment discrimination, Congress amended Title VII by passing the Equal Employment Opportunity Act of 1972 ("EEOA"). *See* 42 U.S.C. § 2000e–16. The EEOA expressly subjects federal agencies to Title VII's

---

1. Although we need not reach Pueschel's argument, there is little doubt that her FTCA suit is barred by *res judicata.* The claims asserted in Pueschel's FTCA suit are based on an alleged pattern of discrimination and retaliation that the court in Pueschel's 1997 Title VII action found the FAA did not engage in.

prohibitions, delegates to the EEOC[2] the authority to ensure that federal agencies comply with Title VII and allows aggrieved federal employees to commence civil actions in federal court for review of their discrimination claims. *Id.* In providing aggrieved federal employees a private right of action in federal court, however, the EEOA requires that federal employees exhaust their administrative remedies prior to commencing such an action. *Id.* § 2000e–16(c); *Brown v. GSA,* 425 U.S. at 832, 96 S.Ct. 1961; *see also Loeffler v. Frank,* 486 U.S. 549, 559, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988)("[The EEOA] permits an aggrieved employee to file a civil action in federal court, provided the employee has met certain requirements regarding exhaustion of administrative remedies."). Consequently, the EEOA "establish[es] complementary administrative and judicial enforcement mechanisms designed to eradicate federal employment discrimination." *Brown v. GSA,* 425 U.S. at 831, 96 S.Ct. 1961. As a result of this complementary enforcement scheme and the EEOA's legislative history, the Supreme Court concluded in *Brown v. General Services Administration* that Congress intended for Title VII to be the "exclu-

sive, preemptive administrative and judicial scheme for the redress of federal employment discrimination," *id.* at 829, 96 S.Ct. 1961, and thus held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct. 1961.

Accordingly, we find that Pueschel's FTCA suit, which seeks relief for harms she allegedly suffered as a result of being subjected to discrimination and retaliation during her FAA employment, was properly dismissed without prejudice on preemption grounds.

### B.

Pueschel also argues that Judge Hilton abused his discretion by failing to construe the FAA's motion to dismiss as a motion for summary judgment. Specifically, she contends that Judge Hilton, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, was required to treat the FAA's motion to dismiss as a motion for summary judgment because the FAA included a binder of exhibits with its motion. This argument, however, is of no moment given that Pueschel failed to respond to the FAA's motion.[3] Under the Eastern District of Virginia's Local Rule

---

2. The EEOA originally delegated enforcement power to the CSC. This enforcement power, however, was transferred to the EEOC by President Carter pursuant to Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19,807, 92 Stat. 3781.

3. We note that Rule 12(b)(6) does not mandate that a district court treat a motion to dismiss as a motion for summary judgment simply because the moving party includes exhibits with its motion. Rule 12(b)(6) only requires that a motion to dismiss be treated as a motion for summary judgment when the motion to dismiss or exhibits present matters outside the nonmoving party's pleadings and the district court does not exclude such matters. Fed.R.Civ.P. 12(b)(6)(stating that [i]f, on a motion ... to dismiss ... matters outside

the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."); *Harrison v. U.S. Postal Serv.,* 840 F.2d 1149, 1152 n. 7 (4th Cir.1988)(noting that district court's reliance on exhibits to motion to dismiss did not convert the motion into one for summary judgment because "the facts to which the court so referred were either alleged in the amended complaint or contained in the exhibits thereto"); *Wilson–Cook Medical, Inc. v. Wilson,* 942 F.2d 247, 252 (4th Cir.1991)(holding that inclusion of supporting memoranda and affidavits did not convert motion to dismiss into motion for summary judgment because the district court did not consider such material).

7(F), Pueschel had eleven days after being served with the FAA's motion to respond irrespective of whether the motion was treated as one for dismissal or summary judgment. Once she failed to do so, Judge Hilton was entitled, as authorized, to rule on the FAA's motion and dismiss Pueschel's FTCA suit on the uncontroverted bases asserted therein.

■ At oral argument, Pueschel asserted that Judge Hilton denied her an opportunity to respond to the FAA's motion to dismiss by ruling on the motion without holding a hearing. There is no requirement, however, that a district judge hold a hearing prior to ruling on a motion to dismiss. *Greene v. WCI Holdings Corp.,* 136 F.3d 313, 316 (2d Cir.1998)("Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court."); *Dougherty v. Harper's Magazine Co.,* 537 F.2d 758, 761 (3d Cir.1976)(stating that Rule 12(b)(6) only requires that a plaintiff be given an opportunity, either orally or in writing, to be heard); *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 391 (6th Cir.1975)(stating that the Federal Rules of Civil Procedure do not mandate that an oral hearing be held for a motion to dismiss). Thus, because Pueschel was given an opportunity to respond in writing to the FAA's motion, we find this argument without merit. We also find Pueschel's argument that Judge Hilton abused his discretion by denying her motion to stay the proceedings and transfer her FTCA suit without merit. Once Judge Hilton properly determined that Pueschel's FTCA suit was subject to dismissal, there no longer was a case to transfer.

## III.

Lastly, Pueschel argues that Judge Wexler erred by concluding that Judge Hilton's decision in her FTCA suit—insofar as he determined that her 1997 Title VII action barred her from bringing another Title VII action asserting discrimination and retaliation claims arising out her FAA employment—precluded her Title VII suit. Specifically, Pueschel argues that Judge Hilton's decision in her FTCA suit does not preclude her Title VII suit because (1) her FTCA and Title VII suits arise out of different causes of action and (2) the claims asserted in her Title VII suit were not adjudicated in her 1997 Title VII action. We address each of these arguments in turn.

## A.

■ We review *de novo* a district court's application of the principles of *res judicata. Meekins v. United Transp. Union,* 946 F.2d 1054, 1057 (4th Cir.1991). Under the doctrine of *res judicata,* or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Meekins,* 946 F.2d at 1057. By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, "[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown,* 442 U.S. at 131, 99 S.Ct. 2205.

■ For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both

the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Nash County Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 486 (4th Cir. 1981).

## B.

■ Pueschel first argues that Judge Hilton's decision in her FTCA suit and the reasoning therein does not bar her Title VII suit because her FTCA and Title VII suits arise out of different causes of action. Pueschel bases this argument on the fact that all the claims asserted in her FTCA and Title VII suits are not identical. Appellant's Brief at 21 ("It is obvious that the Title VII case does not assert sexual harassment, and that the FTCA case states no claim regarding promotions and awards. There is thus no basis to the district court's conclusion that the Title VII case before him and the FTCA case dismissed by Judge Hilton were 'the same cause of action.' "). The determination of whether two suits arise out of the same cause of action, however, does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein "arise out of the same transaction or series of transactions or the same core of operative facts." *In re Varat Enters., Inc.,* 81 F.3d 1310, 1316 (4th Cir.1996)(internal citations omitted). Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting given that "[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Kale v. Combined Ins. Co. of Am.,* 924 F.2d 1161, 1166 (1st Cir.1991).

■ Here, there is no question that Pueschel's FTCA and Title VII suits arise out of "the same transaction or series of transactions or the same core of operative facts." *In re Varat Enters., Inc.,* 81 F.3d at 1316. Both suits assert claims that are based on an alleged pattern of FAA conduct that supposedly took place between January 1984, when Pueschel was reinstated, and April 5, 1994, when Pueschel took a sick leave from which she never returned. J.A. 447, 449 (FTCA complaint: "Plaintiff continued to suffer a hostile work environment, verbal slurs and retaliation ... throughout [her] employment"; "It is outrageous that the FAA has allowed the hostile work environment and retaliation to continue for so many years. The failure by the FAA and its employees to stop the harassment, insults and retaliation in the face of the continuous degrading treatment over a period of years constituted intentional infliction of emotional distress."); *id.* at 22 (Title VII complaint: "[P]laintiff allege[s] that from the time she returned to [her employment] in 1984 after prevailing on a claim of sexual harassment she had filed against defendant, she ha[s] never been promoted, detailed to a supervisor position, or given an award of any kind.... In addition, [Plaintiff] allege[s] that defendant ha[s] illegally refused to process plaintiff's worker compensation claims and ha[s] actively interfered with plaintiff's ability to have her worker compensation claims processed by the Department of Labor.").

## C.

■ Pueschel next argues that her Title VII suit is not barred by Judge Hilton's determination as to the scope of the holding in her 1997 Title VII action because the claims asserted in her Title VII suit were not adjudicated in her 1997 Title VII action. Pueschel, however, fails to recognize that the doctrine of *res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims

that could have been litigated. *Federated Dep't Stores, Inc.*, 452 U.S. at 398, 101 S.Ct. 2424 ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have* been raised in that action." (emphasis added)); *Meekins*, 946 F.2d at 1057 (stating that *res judicata* "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, *regardless of whether they were asserted or determined in the prior proceeding*'") (quoting *Peugeot Motors of Am. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir.1989)(emphasis added)).

▮ Accordingly, we find that Pueschel's claim that she was denied equal access to employment opportunities and awards because of her gender, work disability and in retaliation for filing prior complaints is barred by her 1997 Title VII action. Although not actually litigated in Pueschel's 1997 Title VII action, this claim clearly could have been litigated. Pueschel raised it in both her administrative and judicial complaints but failed to request that it be included in the list of claims identified by the District of Columbia, prior to its transferring the case to the Eastern District of Virginia, as it attempted to discern the claims asserted by Pueschel in her administrative complaint, to which Pueschel attached a twenty-two page handwritten narrative, and judicial complaint. While it would have been prudent for the FAA to ensure that the district court included this claim so as to preclude Pueschel from reasserting it in a subsequent suit, as she now seeks to do, it was Pueschel's duty, as the master of her complaint, to make sure that the district court identified all of her claims. Having failed to do so, Pueschel cannot now seek

to litigate this issue on the basis that it was not actually litigated in her 1997 Title VII action.

▮ With regard to Pueschel's OWCP claim, we find that it is not barred by her 1997 Title VII action. Given that "a principal purpose of the general rule of *res judicata* is to protect the defendant from the burden of relitigating the same claim in different suits, consent, 'in express words or otherwise,' to the splitting of the claim prevents the defendant from invoking claim preclusion." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir.1990)(quoting *Restatement (Second) of Judgments* § 26(1)(a) cmt. a). After reviewing the FAA's motion for summary judgment in Pueschel's 1997 Title VII action, we believe that the FAA in effect agreed to Pueschel's splitting of her single claim that the FAA was interfering with the processing of her workers' compensation claims. Even though Pueschel asserted in her 1997 Title VII action that the FAA was interfering with the processing of her workers' compensation claims, the FAA's motion for summary judgment expressly stated that Pueschel had "filed another administrative EEO complaint specifically directed at the FAA's handling of her OWCP claims," which has now become Pueschel's present Title VII suit, and that such "complaint [was] ... being investigated and [thus] not part of [the present] lawsuit." J.A. 221. By making this representation, the FAA in effect consented to the splitting of Pueschel's OWCP claim from her 1997 Title VII action.

## IV.

Based on the foregoing, we affirm in part, reverse in part and remand for further proceedings.

*AFFIRMED IN PART, REVERSED IN PART, AND REMANDED*