VIANIX DELAWARE, LLC, Plaintiff,

v.

NUANCE COMMUNICATIONS, INC., Defendant.

Civil Action No. 2:09cv141.

United States District Court, E.D. Virginia, Norfolk Division.

June 16, 2009.

John C. Lynch, Esq., Megan E. Burns, Esq., Jason E. Manning, Esq., Troutman Sanders LLP, Virginia Beach, VA, Robert A. Angle, Esq., Brent M. Timberlake, Esq., Troutman Sanders LLP, Richmond, VA, for Plaintiff Vianix Delaware, LLC.

Edward E. Bagnell, Jr., Hugh M. Fain, III, Spotts Fain PC, Richmond, VA, Robert Juman (admitted pro hac vice), William Mack, III (admitted pro hac vice), Quinn Emanual Urquhart Oliver & Hodges, LLP, New York, NY, for Defendant Nuance Communications, Inc.

## ORDER

HENRY COKE MORGAN, JR., Senior District Judge.

This matter is before the Court on defendant Nuance Communications, Inc.'s ("Nuance") Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. 15), and Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) (Doc. 16).

### I. FACTUAL BACKGROUND

The facts, construed in the light most favorable to plaintiff Vianix Delaware, LLC ("Vianix"), the non-moving party, are as follows:

Nuance is a Delaware corporation with its principal place of business in Massachusetts. Doc. 1 ¶ 3. Vianix is a Delaware limited liability company with its principal place of business in Virginia Beach, Virginia. *Id.* ¶ 2.

On November 6, 2006, Vianix entered into a license agreement ("License") with Philips Speech Recognition Systems GmbH ("Philips"), and Austrian company. *Id.* ¶ 7, Ex A ¶ 12. Under the License, Vianix agreed to develop certain 8KHz and 16KHz software for use in Philips' Speech-Magic technology (the "Software"). *Id.* ¶ 3. In exchange for the nonexclusive right to distribute the Software for use with its products, Philips agreed to use its best efforts to promote the 8KHz Software, and, upon passing a field test, to offer and market the 16KHz Software to all of its new partners and existing partners. *Id.* ¶¶ 2–3. The License included a Virginia choice of law provision, and Philips also agreed to submit to jurisdiction in the state Circuit Court or federal District Court in Norfolk or Virginia Beach for actions arising out of the License. *Id.* ¶ 16. Although Vianix reserved the right to assign or transfer the License, no such right was given to Philips. *Id.* ¶ 2. Philips was prohibited from assigning or transferring any of its rights or obligations under the License without the express written consent of Vianix. *Id.* ¶ 16.

Vianix delivered the 8KHz Software to Philips according to Philips' specifications on June 13, 2006. *Id.* ¶ 11. Vianix delivered the 16KHz Software to Philips on November 30, 2007, with upgrades on December 20, 2007 and on February 21, 2008. *Id.* Vianix alleges that Philips did not use its best efforts to promote and market the Software, as required by the License. *Id.* ¶ 12.

On or about October 1, 2008, Nuance purchased Philips' shares from Koninklijke Philips Electronics N.V. ("Koninklijke"), a Netherlands company. *Id.* ¶ 3; Doc. 19, Ex D (Share Purchase Agreement). Vianix alleges that in purchasing Philips, Nuance became the successor-in-interest of Philips, has continued to carry on the business of Philips, and assumed all rights and obligations under the License. *Id.* ¶ 3. Vianix further alleges that since acquiring Philips, Nuance has not used its best efforts to promote and market Vianix's Software as required by the License. *Id.* ¶ 12.

### II. PROCEDURAL HISTORY

Vianix filed suit against Nuance on March 27, 2009, alleging that Nuance breached the License, thereby causing Vianix to suffer damages of approximately

$7,500,000. *Id.* Pursuant to an agreed order granting an extension of time for Nuance to respond to the complaint, Nuance filed the instant Motions to Dismiss on May 8, 2009. Docs. 15 (Motion to Dismiss for Lack of Personal Jurisdiction), 16 (Motion to Dismiss for Failure to State a Claim), and 17 (Brief in Support). Vianix filed its Memorandum in Opposition on May 19, 2009 (Doc. 19), and Nuance filed its Reply on May 22, 2009 (Doc. 21). On June 1, 2009, Vianix filed a Motion for Leave to File Sur–Reply, in order to respond to the arguments raised in Nuance's Reply brief. Docs. 23 and 24.

### III. MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Nuance contends that there are no factual allegations to support a finding that Nuance is a party to the License, or that it has assumed any rights or obligations of the License. Doc. 17 at 1–2. Rather, Nuance states that Philips continues to operate independently as Nuance Communications Austria GmbH ("Nuance Austria"), a wholly-owned subsidiary of Nuance. *Id.* at 2. Thus, Nuance contends that no contract exists between Vianix and Nuance, and that Vianix does not allege any facts which would make Nuance responsible for any obligations of Philips/Nuance Austria under the License. *Id.* at 3.

### A. Standard of Review

■ A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). A Rule 12(b)(6) motion should only be granted "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999): *see Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir.2005). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as " 'matters of public record, orders, items appearing in the record of the case, [ ] exhibits attached to the complaint' " and documents incorporated in the complaint by reference. *Moore v. Flagstar Bank*, 6 F.Supp.2d 496, 500 (E.D.Va.1997) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (1990)): *see Pueschel v. United States*, 369 F.3d 345, 353 n. 3 (4th Cir.2004).

### B. Analysis

■ In order to state a claim for breach of contract, a plaintiff must allege facts to demonstrate: (1) a legally enforceable obligation of the defendant to the plaintiff; (2) defendant's breach of that obligation; and (3) damage to the plaintiff as a result of the breach. *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610 (2004). The existence of the first element—a legally enforceable obligation of Nuance to Vianix—is at the heart of the Motion to Dismiss under Rule 12(b)(6).

■ Vianix has alleged that Nuance is the successor-in-interest of Philips. Doc. 1 ¶ 3. The License provides that it "shall be binding upon and inure to the benefit of the each [sic] party's successors and assigns." *Id.*, Ex. A ¶ 16. Thus, if Nuance is the successor of Philips, as alleged in the complaint, the License would presumably be binding upon Nuance. Furthermore, Vianix has also alleged that Nuance assumed all rights and liabilities under the License. *Id.* ¶ 3. A successor corporation that expressly or impliedly agrees to assume the liabilities of its predecessor will be liable for such obligations. *Harris v. T.I., Inc.*, 243 Va. 63, 70, 413 S.E.2d 605

(1992). This allegation thus provides an additional basis for a legally enforceable obligation of Nuance to Vianix.

### (1) Successor In Interest

A "successor-in-interest" is "one who follows another in ownership or control of property. A successor in interest retains the same rights as the original owner, with no change in substance." Black's Law Dictionary (8th ed.2004).

■ In support of its Motion, Nuance provides the declaration of John Shagoury, Co–President of Nuance's Healthcare Division. Doc. 17, Ex. 1. Shagoury states that upon Nuance's acquisition of Philips from Koninklijke, Philips became a wholly-owned subsidiary of Nuance, has not merged into Nuance, and continues to operate as an independent company. *Id.* ¶ 5. Shagoury further states that Philips now operates as Nuance Austria and remains an Austrian company. *Id.* ¶ 6. Finally, Shagoury states that Philips has not assigned the License or any rights or obligations thereunder to Nuance, there have been no written or oral representations to that effect, and Nuance does not and has not conducted itself as if it were a party to the License. *Id.* ¶ 10. Thus, according to Nuance, the real successor in interest of Philips is Nuance Austria, and Nuance Austria is the entity that is bound to Vianix under the License.

Vianix contends that, after acquiring Philips, Nuance assumed control of Philips' SpeechMagic program. Vianix cites a press release in which Nuance indicated that it would add SpeechMagic to its existing portfolio and planned "to continue to fully support all [Philips] customers and partners worldwide". Doc. 19, Ex. A at 3. Nuance's website also provides information regarding SpeechMagic, including purchasing information. *Id.*, Ex. E (http://www.nuance.com/healthcare/products/speechmagic.asp). There does not appear to be any indication, in Nuance's press releases or on its website, that Nuance Austria is the company that provides, sells, or supports this program. Thus, if Nuance has exerted ownership or control over Philip's assets by adopting SpeechMagic as its own product, Vianix may be able to establish that Nuance is effectively the successor in interest of Philips' property. Because the License for Vianix's Software was directly related to the SpeechMagic program, it could be argued that Nuance, as the successor to Philips in ownership or control of SpeechMagic, became bound under the terms of the related License.

Vianix has alleged that Nuance is the successor in interest of Philips. Although Nuance's pleadings cast doubt upon this allegation, the question of whether Nuance is actually Philips' successor is a factual issue to be resolved after the parties have had an opportunity to conduct discovery. Thus, Vianix has made sufficient allegations to survive the Motion to Dismiss.

### (2) Assumption of Liability

■ Vianix also argues that Nuance assumed Philips' rights and obligations under the License both expressly, under the terms of the Share Purchase Agreement, and impliedly, by its conduct. Doc. 19 at 11. As to the express assumption of liability, Vianix points to several provisions of the Share Purchase Agreement that purportedly required Nuance, in purchasing Philips, to obtain the Vianix's consent for the License to be transferred, and to obtain a new license for Vianix's Software. *Id.* at 11–15, Ex. D ¶¶ 8.8–8.9. Vianix argues that under the terms of these provisions, Nuance agreed to assume responsibility for any third party contracts for which consent was not obtained. *Id.* at 12–13, Ex. D ¶ 8.8.3(b). Vianix states that its consent was never requested for a transfer of the License or for a new li-

cense, and thus argues that Nuance agreed to perform Philips' obligations under the License pursuant to the express terms of the Share Purchase Agreement. *Id.* at 7, 12. Nuance contends that these provisions of the Share Purchase Agreement do not apply to the License, and that Koninklijke and Nuance did not intend these provisions to benefit third parties so as to be enforceable by Vianix. Doc. 21 at 2–5. Such questions, however, are issues of fact that must be resolved upon further evidence. Vianix may be able to prove a set of facts to demonstrate that Nuance expressly assumed the License pursuant to the terms of the Share Purchase Agreement.

Vianix also contends that Nuance's conduct in adopting the SpeechMagic program as its own demonstrates that Nuance impliedly assumed responsibility for the License. Doc. 19 at 16–17. The determination of whether Nuance's conduct constitutes an implied assumption of liability may depend on the resolution of several factual issues regarding Nuance's conduct or statements specifically related to Vianix's Software and the relationship of the Software to the SpeechMagic program. Nonetheless, Vianix may be able to prove that Nuance impliedly assumed responsibility for the License.

The complaint alleges that Nuance assumed Philips' rights and obligations under the License, and Vianix has made a showing, sufficient to survive a motion to dismiss, that it may be able to prove this allegation.

### C. Conclusion

The allegations of the complaint, if accepted as true, state a cause of action against Nuance for breach of the License under a theory of successor liability. Although Nuance's pleadings cast doubt on the merit of these allegations, a motion to dismiss under Rule 12(b)(6) does not resolve the merits of a claim, but tests only the sufficiency of a complaint. *Republican Party of N.C.*, 980 F.2d at 952. The Motion to Dismiss pursuant to Rule 12(b)(6) is **DENIED.** Because this Motion has been resolved in Vianix's favor, Vianix's Motion for Leave to File a Sur–Reply is DISMISSED as MOOT.

### IV. *MOTION TO DISMISS PURSUANT TO RULE 12(B)(2)*

As to the Motion to Dismiss for lack of personal jurisdiction, Nuance contends that the allegations of the complaint do not relate in any way to Nuance's transaction of business in Virginia, as required by Virginia's long arm statute. Doc. 17 at 3–4. Nuance further argues that it is not bound by Philips' consent to jurisdiction under the License. *Id.* at 4.

### A. Standard of Review

■ Where, as here, the court addresses the question of personal jurisdiction, "on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). In considering a challenge to personal jurisdiction, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

■ To determine whether it has personal jurisdiction over the defendant, the Court must resolve two issues: (A) whether the action falls within the ambit of Virginia's long-arm statute, Va.Code Ann. § 8.01–328.1, and (B) whether the due process clause of the Fourteenth Amendment permits jurisdiction. *ESAB Group v. Centricut*, 126 F.3d 617, 622 (4th Cir.1997). "Because Virginia's long-arm statute is in-

tended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir.2009).

▮ Under the due process analysis, the Supreme Court has drawn a distinction between "specific" jurisdiction and "general" jurisdiction. To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984), and that the alleged injuries 'arise out of or relate to' those activities. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). If the cause of action does not arise out of or relate to the defendant's contacts with the forum state, the plaintiff must demonstrate that the defendant's contacts with the forum are "continuous and systematic" so as to support the exercise of general personal jurisdiction. *Helicopteros*, 466 U.S. at 415–16, 104 S.Ct. 1868.

### B. Analysis

The allegation in the complaint relating to personal jurisdiction states:

> The Court has jurisdiction over Nuance pursuant to the License Agreement by which Nuance agreed to "irrevocably submits to jurisdiction in ... the state Circuit Court or federal District Court ... in Norfolk or Virginia Beach, Virginia." In addition, Nuance is subject to personal jurisdiction pursuant to Virginia Code § 8.01–328.1.

Doc. 1 ¶ 5.

▮ As to the first sentence regarding Nuance's consent to this Court's jurisdiction, "a valid forum selection clause ... may act as a waiver to objections to personal jurisdiction." *Consulting Eng'rs*

*Corp. v. Geometric Ltd.*, 561 F.3d 273, 282 n. 11 (4th Cir.2009) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964)). Nuance's argument with regard to its Motion to Dismiss for lack of personal jurisdiction is interrelated with the basis for its Motion to Dismiss for failure to state a claim. Specifically, Nuance argues that because it is not a party to the License, it has not agreed to submit to this Court's jurisdiction. Accepting as true the allegation that Nuance is the successor of Philips, it appears that Nuance would be bound by the forum selection clause in the License, since the License is binding on each party's successors. *See Crawford Harbor Associates v. Blake Constr. Co.*, 661 F.Supp. 880, 883 (E.D.Va.1987) ("If the successor is to stand thus in the place of the predecessor, it must do so for all purposes, including personal jurisdiction in the first instance."). Thus, it appears that the complaint states a prima facie basis of personal jurisdiction over Nuance.

▮ The second sentence of the jurisdictional allegation regarding the Virginia long arm statute does not set forth any jurisdictional facts to make a prima facie showing in support of jurisdiction, but instead sets forth only a bare legal conclusion that Nuance is subject to jurisdiction under the statute. This allegation is thus insufficient to establish that Nuance is subject to jurisdiction under the Virginia long arm statute. *See Colt Def. LLC v. Heckler & Koch Def., Inc.*, 2004 U.S. Dist. LEXIS 28690 (E.D.Va. Oct. 22, 2004) ("The jurisdictional facts alleged by the plaintiff, however, must not be vague or conclusory, nor may the plaintiff merely extract the language from the Virginia long-arm statute and apply it to the defendant."). Thus, Vianix may not proceed on this theory of jurisdiction without first obtaining leave of the Court to amend its

complaint to set forth factual allegations establishing that Nuance is subject to jurisdiction under § 8.01–328.1.

### C. Conclusion

Vianix has alleged that Nuance, as the successor of Philips, is bound by the provision of the License consenting to jurisdiction in this Court. This allegation is sufficient to state a prima facie case for the exercise of personal jurisdiction over Nuance. Therefore, the Motion to Dismiss pursuant to Rule 12(b)(2) is **DENIED.**

### V. CONCLUSION

For the reasons set forth herein:

(1) Nuance's Motion to Dismiss Pursuant to Rule 12(b)(6) is **DENIED** (Doc. 16);

(2) Vianix's Motion for Leave to File Sur–Reply is **DISMISSED** as **MOOT** (Doc. 23); and

(3) Nuance's Motion to Dismiss Pursuant to Rule 12(b)(2) is **DENIED** (Doc. 15).

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED.**