**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 17-2052

TIMOTHY WINEY,

                Plaintiff - Appellant,

      v.

JAMES MATTIS, Secretary of Defense,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:17-cv-00325-LMB-JFA)

Submitted: January 31, 2018                 Decided: February 22, 2018

Before TRAXLER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy Winey, Appellant Pro Se. R. Trent McCotter, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Timothy Winey appeals the district court's dismissal on summary judgment of his claims against the Secretary of Defense brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17 (2012), the Rehabilitation Act, 29 U.S.C.A. §§ 701-796 (West 2008 & Supp. 2017), the Whistleblower Protection Act, 5 U.S.C.A. §§ 1214, 1221, 2302 (West 2007 & Supp. 2017), the Privacy Act, 5 U.S.C. § 552a (2012), and the Federal Records Act, 44 U.S.C.A. §§ 3101-3107 (West 2007 & Supp. 2017). The district court held that Winey failed to properly exhaust his Title VII and Rehabilitation Claims, that his Privacy Act claim was time-barred, that Winey could not consolidate this case with a Whistleblower Protection Act claim pending before the MSPB, and that the Federal Records Act does not create a private right of action. We affirm.

We review de novo the district court's order granting summary judgment. *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). A party must exhaust administrative remedies before bringing suit under Title VII and the Rehabilitation Act. *Pueschel v. United States*, 369 F.3d 345, 352–53 (4th Cir. 2004); *see* 42 U.S.C. § 2000e-16(c) (2012); 29 U.S.C. § 794a(a)(1) (2012). A federal employee subjected to a discharge or demotion may appeal the agency's decision to the Merit Systems Protection Board ("MSPB"), and "may claim, among other things, that the agency discriminated against [him] in violation of a federal statute." *Kloeckner v. Solis*, 568 U.S. 41, 43 (2012); *see* 5 U.S.C. § 7702(a)(1)(B) (2012) (listing applicable federal discrimination statutes, including Title VII and the Rehabilitation Act).

2

Winey does not contest that he failed to timely refile an appeal to the MSPB of an adverse agency decision on his claims that he was terminated due to his disability and as retaliation for prior EEO activity. He argues instead that his untimely filing should be excused. The district court found that the MSPB properly declined to excuse Winey's untimely filing. The factors the MSPB has identified as relevant to whether a good cause exists to excuse an untimely refiling include:

> the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling; confusion surrounding and arbitrariness of the refiling deadline; the number of prior dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal.

*Sherman v. U.S. Postal Serv.*, No. SF-0752-09-0327-I-5, 2012 WL 2614413 (M.S.P.B. July 5, 2012).

Winey's delay in refiling was substantial. There was also no confusion or arbitrariness surrounding the refiling deadline, as the MSPB Administrative Law Judge ("ALJ") explicitly explained the 180-day refiling deadline and the consequences of failing to comply. The MSPB therefore found no good cause to excuse Winey's untimely refiling.

The district court also determined that the MSPB properly rejected Winey's contention that his 18-month delay in refiling should have been excused because of the alleged misconduct of his attorney. The MSPB found that Winey was responsible for any mistakes or omissions of his chosen counsel because Winey did not show that any misconduct by counsel thwarted Winey's diligent efforts to pursue his appeal. *See*

3

*Helmstetter v. Dep't of Homeland Sec.*, No. PH-0752-04-0067-I-2, 2007 WL 1732484 (M.S.P.B. June 7, 2007). The MSPB noted that Winey was registered to receive electronic filings, and that the ALJ explicitly informed Winey orally and in writing of the refiling deadline and the consequences of missing it. In light of these facts, the MSPB dismissal of Winey's mixed case on procedural grounds was not erroneous. Because Winey's mixed case was dismissed by the MSPB on procedural grounds, the district court properly dismissed Winey's Title VII and Rehabilitation Act claims for failure to exhaust.

As to Winey's other claims, on appeal he does not challenge the district court's determination that his Privacy Act claim is barred by the two-year statute of limitations, and that the Records Act does not create a private right of action. The district court also correctly determined that it could not consolidate this case with a Whistleblower Protection Act claim pending before the MSPB. *See* Fed. R. Civ. P. 42(a) (providing for the consolidation of "actions before the court"). We therefore affirm the district court's grant of summary judgment and deny Winey's motion to disqualify Mattis' counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*