NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GORDON GRAVELLE,**
*Plaintiff-Appellant*

**CODEPRO KEY CORPORATION,**
*Plaintiff*

**v.**

**KABA ILCO CORPORATION, FRANK BELFLOWER, CHARLES MURRAY,**
*Defendants*

---

2018-1937

---

Appeal from the United States District Court for the Eastern District of North Carolina in No. 5:17-cv-00207-FL, Judge Louise Wood Flanagan.

---

Decided:  December 10, 2018

---

GORDON GRAVELLE, Thunder Bay, Ontario, Canada, pro se.

---

Before MOORE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Gordon Gravelle appeals from an order of the Eastern District of North Carolina dismissing his case as frivolous. *Gravelle v. Kaba Ilco Corp.*, 17-CV-207-FL ("*Gravelle III*"). This is the third suit filed in the district court by Mr. Gravelle naming Kaba Ilco Corp. as a defendant. Because we see no error in the district court's analysis, we affirm.

## BACKGROUND

In a prior suit, *Gravelle v. Kaba Ilco Corp.*, No. 5:13-CV-642-FL ("*Gravelle II*"), Mr. Gravelle alleged Kaba falsely marketed and promoted its EZ Code key cutting machines as having "patent pending" features. He asserted claims under the Patent Act's false-marking statute, 35 U.S.C. § 292, the false-advertising provision of the Lanham Act, 15 U.S.C. § 1125, and North Carolina's Unfair and Deceptive Practices Act ("UDPA"). The district court granted summary judgment in favor of Kaba. We affirmed because Mr. Gravelle failed to provide "concrete, non-speculative evidence of causation of an actual injury by Kaba's false marking." *Gravelle v. Kaba Ilco Corp.*, 684 F. App'x 974, 976–81 (Fed. Cir. 2017). We vacated the district court's award of attorney fees and remanded for further proceedings on that issue. *Id.* at 985.

On remand in *Gravelle II*, Mr. Gravelle filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the orders granting Kaba summary judgment and attorney fees. *Gravelle II*, ECF No. 90. While that motion was pending, he initiated *Gravelle III*. The district court subsequently denied the Rule 60(b) motion in *Gravelle II* as without merit. *Gravelle II*, ECF No. 103.

In *Gravelle III*, the district court granted Mr. Gravelle's motion to proceed *in forma pauperis*, and it reviewed his complaint pursuant to 28 U.S.C. § 1915.

Given Mr. Gravelle's pro se status, the district court liberally construed the claims in the *Gravelle III* complaint as: (1) seeking relief from the prior orders in *Gravelle II* pursuant to Rule 60; (2) asserting claims under the UDPA, the Patent Act, and the Lanham Act; and (3) asserting a claim under the "Competition Act of Canada." It held the complaint did not assert a valid Rule 60 claim, and any claim under the UDPA, Patent Act, Lanham Act, or Canadian Competition Act was barred by claim preclusion. It dismissed all claims without prejudice pursuant to § 1915(e)(2)(B) for failure to state a claim. Mr. Gravelle appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

A dismissal for failure to state a claim is a procedural question, which we review under the law of the regional circuit, here the Fourth Circuit. *See C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000). The Fourth Circuit reviews dismissal for failure to state a claim under § 1915(e)(2)(B) de novo and accepts pleaded facts as true. *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). It construes allegations in pro se complaints liberally, but the complaint must still contain enough facts to state a claim for relief that is plausible on its face. *Id.*

### Rule 60 Claim

Rule 60 provides means for obtaining relief from a judgment or order. Under Rule 60(b), a party may move for relief from a judgment in the action in which the judgment was rendered. *See* 11 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2851 (3d ed.). Rule 60(d) provides, however, that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . .; or (3) set aside a judgment for fraud on the court." A party seeking relief under Rule 60(d)(1) must show:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir. 1982). In the Fourth Circuit, a judgment may be set aside for fraud on the court only where "corruption of the judicial process itself" has occurred. *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987).

Mr. Gravelle alleges two aspects of Kaba's conduct in *Gravelle II* support Rule 60 relief. First, he alleges Kaba lied to the district court in its answer and motion for summary judgment by denying all allegations of false marking. Second, he alleges Kaba did not provide contact information for certain current and former employees, preventing him from getting information that would have helped his case.

These allegations do not support relief under Rule 60(d)(1) or (d)(3). The allegation that Kaba lied to the district court about false marking cannot support relief under Rule 60(d)(1) because judgment was entered against him due to a failure to prove the injuries caused by the false marking, not a failure to establish that false marking occurred. The allegation that Kaba did not provide necessary contact information is a discovery dispute that "must be resolved during the initial trial" rather than an independent action. *Cleveland Demolition*, 827 F.2d at 987. Neither allegation constitutes fraud on the court. *See Great Coastal*, 675 F.2d at 1356

("'[F]raud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged."). Although "[a] verdict may be set aside for fraud on the court if an attorney and a witness have conspired to present perjured testimony," this is a narrow exception, *Cleveland Demolition*, 827 F.2d at 986, and Mr. Gravelle has not pled facts to support such a claim. We affirm the district court's dismissal of Mr. Gravelle's Rule 60 claims.

## UDPA, the Patent Act, the Lanham Act Claims

The district court dismissed the rest of Mr. Gravelle's claims for claim preclusion. Whether a cause of action is barred by claim preclusion is a question of law reviewed without deference. *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1348 (Fed. Cir. 2014); *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). We "look to the law of the regional circuit in which the district court sits for guidance regarding the principles of claim preclusion," but apply our own law in determining "whether a particular cause of action in a patent case is the same as or different from another cause of action." *Senju Pharm.*, 746 F.3d at 1348. In the Fourth Circuit, a claim is barred by claim preclusion where there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel*, 369 F.3d at 354–55.

Mr. Gravelle's claims under the UDPA, the Patent Act, and the Lanham Act are barred by claim preclusion. In *Gravelle II* there was a final judgment on the merits. There is an identity of the causes of action. The same facts are alleged, and the same statutory provisions are being asserted. While the other named defendants, Mr. Belflower and Mr. Murray, were not named in *Grav-*

*elle II*, we see no error in the district court's determination that they are privies of Kaba, which is named as defendant in both *Gravelle II* and *Gravelle III*. Mr. Gravelle argues we should recognize an exception to the general claim preclusion rule because he attempted to dismiss *Gravelle II* in order to bring a new action naming Mr. Belflower and Mr. Murray as defendants. We see no reason for doing so in these circumstances. He alternatively argues that because he alleges the defendants are joint tortfeasors, claim preclusion should not apply. We disagree. While not all joint tortfeasors are in privity, joint tortfeasor status does not prevent parties from being in privity. *See Muhammad v. Oliver*, 547 F.3d 874, 880 (7th Cir. 2008). We affirm the district court's dismissal of Mr. Gravelle's claims under the UDPA, the Patent Act, and the Lanham Act.

Mr. Gravelle's complaint in *Gravelle II* did not assert claims under the Canadian Competition Act. However, the district court appropriately determined this claim was precluded under the rule against claim splitting, and we affirm its dismissal of that claim.

CONCLUSION

We have considered Mr. Gravelle's remaining arguments and find them unpersuasive. For the foregoing reasons, the decision of the district court is *affirmed*.

**AFFIRMED**