**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1574**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DR. IBRAHIM OUDEH,

        Defendant – Appellant,

    and

HANAN KHAROUFEH; THE NAIM TRUST; FUMYXS, LLC; 4642 JONES TRUST; 421 GROVEMONT TRUST,

        Defendants.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:22-cv-00140-D)

_____

Argued:  September 9, 2025                 Decided:  December 2, 2025

_____

Before THACKER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:**  Brenton D. Adams, BRENT ADAMS & ASSOCIATES, Dunn, North Carolina, for Appellant.  Neal Fowler, OFFICE OF THE UNITED STATES ATTORNEY,

Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  Michael F. Easley, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Ibrahim N. Oudeh appeals the district court's order dismissing his counterclaim under Federal Rule of Civil Procedure 12(b)(6) based on res judicata. We affirm.

We review the district court's dismissal based on res judicata *de novo*. *See Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). To prevail on grounds of res judicata, the following elements must be satisfied: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Providence Hall Assocs.*, 816 F.3d at 276 (quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). If the three formal elements are satisfied, "two practical considerations should be taken into account." *Grausz v. Englander,* 321 F.3d 467, 473 (4th Cir. 2003). "First, we consider whether the party or its privy knew or should have known of its claims at the time of the first action"; and second, "whether the court that ruled in the first suit was an effective forum to litigate the relevant claims." *Providence Hall Assocs.*, 816 F.3d at 276 (citing *Grausz*, 321 F.3d at 473–74).

In his appeal, Oudeh argues that the issues in his counterclaim were never actually litigated. In so arguing, Oudeh confuses *issue* preclusion—requiring that an issue be actually litigated—with *claim* preclusion—requiring only a final judgment on the merits. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955). The court below properly considered the elements of *claim* preclusion in dismissing Oudeh's counterclaims; accordingly, Oudeh's challenge is without merit.

3

We have reviewed the record, briefs, and applicable law, and considered the parties' oral arguments, and we discern no reversible error in the district court's dismissal of Oudeh's counterclaims.[*] Accordingly, we affirm the district court's order.

*AFFIRMED*

---

[*] Oudeh notes six issues in his opening brief. Issues I, III, IV, and V specifically relate to the district court's dismissal of Oudeh's counterclaims in *this* case. Issues II and VI appear to directly attack the district court's denial of Oudeh's motion to set aside judgment under Rule 60(b) in *United States v. Oudeh*, No. 18-cv-00009 (E.D.N.C.), which Oudeh appealed and which this Circuit affirmed in *United States v. Oudeh*, No. 23-1539, 2025 WL 1430646 (4th Cir. May 19, 2025). Because these issues do not relate to any issue raised before or decided by the court below, they are not properly before this Court. Nonetheless, res judicata applies equally to these issues.

4