**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2170**

NOAH NATHAN,

                 Plaintiff - Appellant,

        v.

TAKEDA PHARMACEUTICALS AMERICA, INC.; TAKEDA PHARMACEUTICALS
U.S.A., INC., f/k/a Takeda Pharmaceuticals North America,
Inc.,

                 Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.      Anthony J. Trenga,
District Judge. (1:11-cv-01360-AJT-TRJ)

Argued:  September 19, 2013           Decided:  October 24, 2013

Before WILKINSON and KING, Circuit Judges, and Samuel G. WILSON,
United States District Judge for the Western District of
Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** James Alfred Bell, IV, BELL & BELL LLP, Philadelphia,
Pennsylvania, for Appellant.   Dana Lewis Rust, MCGUIREWOODS,
LLP, Richmond, Virginia, for Appellees. **ON BRIEF:** Christian B.
Nagel, FLUET, HUBER & HOANG, PLLC, Lake Ridge, Virginia, for
Appellant.    Stephanie  B.  Karn,  Edward  M.  Eakin,  III,
MCGUIREWOODS LLP, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal by Noah Nathan ("Nathan") from the entry of summary judgment on his claims against Takeda Pharmaceuticals North America, Inc. and Takeda Pharmaceuticals America, Inc. (collectively referred to as "Takeda") for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (2012). In a published memorandum decision, the district court found that Takeda was entitled to summary judgment on Nathan's claims that Takeda: (1) discriminated against him because of his status as a male caregiver; (2) subjected him to a hostile work environment; and (3) retaliated against him for engaging in protected activity. We affirm.

We review a grant of summary judgment de novo. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011), cert. denied, 132 S. Ct. 398 (2011). Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, we must review the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In consideration of this standard, we have carefully reviewed the issues, the record, the law, and the arguments we have heard and conclude that there is little that we can add to

3

the thorough and well-reasoned opinion of the district court. Thus, we affirm the judgment below on the reasoning of the district court. See Nathan v. Takeda Pharm. Am., Inc., 890 F. Supp. 2d 629 (E.D. Va. 2012).

AFFIRMED