**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1052**

NOAH NATHAN,

Plaintiff – Appellant,

v.

TAKEDA PHARMACEUTICALS AMERICA, INCORPORATED; TAKEDA
PHARMACEUTICALS U.S.A., INC., f/k/a Takeda Pharmaceuticals
North America, Incorporated; LOUIS SAVANT; MICHAEL FOUCHIE;
CASANDRA SMITH; JOHN FLOOD; MICHAEL VENANZI,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Anthony J. Trenga,
District Judge. (1:12-cv-01002-AJT-TRJ)

Submitted: October 29, 2013        Decided: November 8, 2013

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian B. Nagel, FLUET, HUBER & HOANG, PLLC, Lake Ridge,
Virginia; James A. Bell, IV, BELL & BELL LLP, Philadelphia,
Pennsylvania, for Appellant. Susan R. Podolsky, THE LAW OFFICES
OF SUSAN R. PODOLSKY, Alexandria, Virginia; William F.
Cavanaugh, Aron R. Fischer, PATTERSON BELKNAP WEBB & TYLER LLP,
New York, New York, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noah Nathan filed this action against his employer, Takeda Pharmaceuticals America, Inc., and several of its employees, asserting claims for defamation, conspiracy, and negligent supervision and retention. Among other reasons, the district court dismissed the complaint on federal res judicata grounds, finding that it is precluded by the judgment in Nathan's prior Title VII discrimination and retaliation suit against Takeda. See Nathan v. Takeda Pharms. Am., Inc., 890 F.Supp.2d 629 (E.D. Va. 2012), aff'd, 2013 WL 5754394 (4th Cir. Oct. 24, 2013) (Title VII summary judgment order). Nathan now appeals. Finding no error, we affirm.[1]

The preclusive effect of the judgment in Nathan's Title VII action is a question of federal law. See Taylor v. Sturgell, 553 U.S. 880, 891 (2008). Under the federal doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). "By precluding

---

[1] Apart from res judicata, the district court in this case also dismissed the individual claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nathan challenges those rulings on appeal, but because we find that the court properly dismissed the complaint on res judicata grounds, we need not address the other issues.

parties from contesting matters that they have had a full and fair opportunity to litigate, the doctrine of res judicata minimizes the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Union Carbide Corp. v. Richards, 721 F.3d 307, 314 (4th Cir. 2013) (internal punctuation altered).

A party invoking res judicata must establish three elements: (1) a previous final judgment on the merits, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. Id. at 314-15. Identity of the cause of action exists if two claims arise out of the same transaction or series of transactions or the same core of operative facts, and "typically it is a new factual development that gives rise to a fresh cause of action." Id. at 315. Privity between parties exists when the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right. Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007). We review a res judicata determination de novo. Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013).

In its res judicata ruling, the district court initially noted that the factual allegations set forth in the Title VII

3

complaint "are identical" to those set forth in the complaint in this case. J.A. 170.[2] Turning to the first of the three elements necessary to establish res judicata, the court found that the judgment in Nathan's Title VII action is a final judgment on the merits of a prior suit. Regarding the second element, the court found that there is an identity of the causes of action between the two complaints, "as evidenced by the exact same facts alleged in support of each of those lawsuits." J.A. 171. As to the third element, the court found that the defendants in this case are in privity with Takeda, the Title VII defendant, because they are alleged to be Takeda employees and were clearly acting as Takeda employees at all material times. On appeal, Nathan concedes that there is a prior final judgment, but he challenges the court's conclusions regarding identity of the causes of action and the parties.

As to identity of the causes of action, the alleged wrongdoing underlying Nathan's claims in this case arises from the same facts underlying the Title VII action. Both cases involve the defendants' conduct regarding Nathan's alleged performance difficulties in 2009. In the Title VII Action, Nathan alleged that the defendants' actions were discriminatory

---

[2] Nathan acknowledges in his appellate brief that "there is a great similarity between the allegations" in the two complaints. Brief of Appellant, at 17 n.5.

and retaliatory; in this case, he alleges that the same actions constituted a conspiracy to defame him. Under these circumstances, we agree with the district court that these claims arise out of the same transaction or the same core of operative facts. Likewise, we agree with the court that there is an identity of the parties in the two lawsuits. The Title VII case was against Takeda. In this case, the individual defendants were acting in their capacities as Takeda employees when they committed the alleged wrongdoing, and Takeda's potential liability rests on respondeat superior.[3]

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[3] A review of the Title VII summary judgment order shows that the district court addressed each of the individual defendants' involvement in Nathan's 2009 performance review. Moreover, the court found on the record before it that "Takeda had legitimate nondiscriminatory reasons for [all] of the alleged adverse employment actions" it took regarding Nathan and that Nathan was unable to demonstrate pretext for those actions. See 890 F.Supp.2d at 648.