**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-1087**

───────────

WELLS FARGO BANK, N.A.,

                Plaintiff – Appellee,

        v.

BARBRANDA WALLS,

                Defendant – Appellant.

───────────

**No. 13-1365**

───────────

WELLS FARGO BANK NATIONAL ASSOCIATION,

                Plaintiff – Appellee,

        v.

BARBRANDA WALLS,

                Defendant – Appellant.

───────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.   Leonie M. Brinkema, District Judge. (1:12-cv-00664-LMB-IDD)

───────────

Submitted:  September 5, 2013        Decided:  October 22, 2013

───────────

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

———————————

Harry T. Spikes, Sr., Washington, D.C., for Appellant.  Alison W. Feehan, Craig B. Young, KUTAK ROCK, LLP, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wells Fargo Bank, N.A. brought this lawsuit against Barbranda Walls to determine her liability under a promissory note. In separate orders, the district court (1) granted Wells Fargo's motion for summary judgment, (2) denied Walls' subsequent motion to extend discovery and to extend the time to file a written opposition to the summary judgment motion, (3) denied Walls' motion for reconsideration of the summary judgment order, and (4) granted Wells Fargo's motion for attorneys' fees and costs. Walls now appeals the summary judgment and these orders. See J.A. 312, 374 (notices of appeal). We affirm.

Regarding Wells Fargo's summary judgment motion, the district court noted that despite being given proper notice, Walls failed to respond to the motion. Moreover, the court noted that Walls had also failed to respond to several requests for admissions and other discovery requests propounded by Wells Fargo. In light of Walls' failure to respond to the requests for admissions, the court deemed the proposed admissions admitted under Fed. R. Civ. P. 36, and it consequently found that there were no genuine issues of material fact in dispute. The court explained that the undisputed facts establish the existence of the promissory note and debt owed by Walls, and it noted that "Walls does not contest that she failed to make timely payments

3

on the Note since June 2008." J.A. 209. For these reasons, the court granted summary judgment in Wells Fargo's favor.

On the same day that the district court ruled on the summary judgment motion, but after the court had entered its order, Walls moved to extend discovery and to extend the time to respond to the summary judgment motion. The court denied the motion, explaining: "Walls did not offer any reasonable explanation for her failure to file initial discovery disclosures or to respond in any respect to plaintiff's various discovery requests, including a request for admissions." J.A. 216.

Walls then moved for reconsideration of the summary judgment order. The district court denied this motion, noting again that Walls "still fail[ed] to offer any reasonable explanation for her failure to timely file discovery disclosures or responses to discovery requests." J.A. 225.

After prevailing on its summary judgment motion, Wells Fargo moved for attorneys' fees and costs. In a lengthy memorandum opinion and accompanying order, see J.A. 354-373, the district court found that the loan documents signed by Walls provide a contractual foundation for Wells Fargo's request, and it then considered the request under Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), which establishes a multi-factor analysis for assessing the reasonableness of attorneys' fees.

4

The court explained in detail its analysis of the fee request. Among many other things, the court noted that Walls' position on the request for fees and costs "is meritless," and it observed that "the record reflects that [her] unreasonably litigious conduct has magnified the costs of litigation in this District and elsewhere by complicating what would otherwise have been a standard mortgage default case." J.A. 362-63. Ultimately, the court found that Wells Fargo was entitled to reimbursement of fees and costs in the amount of $251,624.08.

On appeal, Walls raises numerous issues. We have carefully reviewed her arguments and the challenged orders in light of the appropriate legal standards. See generally Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore, 721 F.3d 264, 283 (4th Cir. 2013) (en banc) (summary judgment); Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 186 (4th Cir. 2013) (attorneys' fees); Nader v. Blair, 549 F.3d 953, 958-59 (4th Cir. 2008) (extension of discovery). In our view, the district court correctly granted summary judgment in Wells Fargo's favor based on the record presented, and it did not abuse its discretion in denying Walls' post-summary judgment motions and awarding Wells Fargo its fees and costs. Walls has failed to establish any basis to warrant setting aside the orders or the judgment.

5

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED