**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

No. 13-1926

─────────

BARBRANDA WALLS; HAL WALLS, JR.,

　　　　　　　Plaintiffs – Appellants,

　　　　v.

WELLS FARGO BANK, N.A.,

　　　　　　　Defendant – Appellee.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.　Leonie M. Brinkema, District Judge. (1:13-cv-00623-LMB-JFA)

─────────

Submitted:　December 20, 2013　　　Decided:　February 26, 2014

─────────

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Harry T. Spikes, Sr., Washington, D.C., for Appellants.　Alison W. Feehan, Richmond, Virginia, Craig B. Young, KUTAK ROCK, LLP, Washington, D.C., for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff-Appellant Barbranda Walls brought this lawsuit against Wells Fargo Bank, N.A., Defendant-Appellee, in the Superior Court for the District of Columbia, seeking to enjoin the foreclosure sale of a commercial property in the District. Walls' husband, Hal Walls, Jr., was joined as a plaintiff in an amended complaint, after which Wells Fargo removed the action to federal court. Thereafter, venue was transferred to the Eastern District of Virginia, where a previous action between Wells Fargo and Barbranda Walls involving the same loan and the same collateral property had been adjudicated. The district court granted Wells Fargo's motion to dismiss. The Wallses timely appealed. As explained within, we affirm.

I.

In June 2012, Wells Fargo filed suit in the U.S. District Court for the Eastern District of Virginia against Barbranda Walls, alleging she had defaulted on a $600,000 loan secured by real estate she owned in the District of Columbia. In September 2012, Walls filed a number of counterclaims, which included allegations of fraud, breach of contract, and bad faith. Walls disputed the loan balance asserted by Wells Fargo, alleging that it was "grossly overstated," that Wells Fargo had charged "excessive fees and charges designed to prevent [Walls] from

2

paying off the note" and that Wells Fargo's figures were "knowingly fraudulent." J.A. 69.

The district court dismissed all of Walls' claims with prejudice, holding that Walls had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and in particular that the allegations supporting the fraud claim were insufficient to meet the heightened pleading standard of Rule 9(b). The district court eventually granted summary judgment to Wells Fargo on its claim, including an award of significant attorney's fees to Wells Fargo in accordance with the terms of the loan agreement. We affirmed the district court's judgment and the fee award. See Wells Fargo Bank, N.A. v. Walls, 2013 WL 5718480 (4th Cir. Oct. 22, 2013).

While the above-described proceedings were ongoing, Wells Fargo began foreclosure proceedings in the District of Columbia on the property that served as collateral for the loan. In September 2012, just before the public auction of the property was to take place, Mrs. Walls filed this suit seeking to enjoin the sale. The court denied emergency relief, and subsequently dismissed Walls' remaining claims as moot. In January 2013, Walls filed an amended complaint adding her husband, Mr. Walls, as a plaintiff. The amended complaint included the same claims as Walls' counterclaims in the earlier suit, and additional claims for unjust enrichment and negligence. The underlying

facts as to all the claims, however, remained identical to those underlying the earlier counterclaims: that Wells Fargo's fees were fraudulent, excessive, assessed in bad faith, and that "through the charges, [Wells Fargo] effectively deprived [Walls] of her ability to satisfy the debt obligation[.]" J.A. 10.

Wells Fargo removed the case to the U.S. District Court for the District of Columbia, and then moved to transfer venue to the Eastern District of Virginia.[*] The court granted the motion. In June 2013, the Virginia district court dismissed the case on grounds of res judicata and for failure to state a claim under Rule 12(b)(6). The Wallses now appeal.

## II.

We review a district court's application of res judicata de novo. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004). Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Id. (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (further citations omitted)). There are three requirements for the application of res judicata: "(1) a final

---

[*] It appears the timeliness of the removal of the case was not challenged in the District of Columbia federal court, but in any event the district court was satisfied that the somewhat unusual procedural posture, e.g., a belated grant of leave to amend the complaint, rendered the removal timely.

judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Id. at 354-55 (citing Nash Cnty. Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981)).

Res judicata was an appropriate ground on which to dismiss this case. First, the district court's dismissal with prejudice in the prior case was a final judgment on the merits. In re Tomlin, 105 F.3d 933, 936-37 (4th Cir. 1997) ("[D]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.") (internal quotation marks omitted).

Second, the claims are substantially identical. Though the legal theories on which the claims here are based are not exactly the same (negligence and unjust enrichment were not included in the first lawsuit), the underlying grounds for all of the claims in both lawsuits are Wells Fargo's allegedly excessive and fraudulent charges. The Wallses acknowledge this, as they repeatedly state in their briefs that the "instant cause of action is interwoven inextricably with [the previous action] because they derive . . . from the same nucleus of facts, transactions and occurrences." App. Reply Br. 11. We have held that finding identity in causes of action "turns on whether the suits and the claims asserted therein arise out of the same

5

transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355 (internal quotation marks omitted). That the Wallses consider these two lawsuits to be part and parcel of the same transaction is evident from the rehashing of arguments raised in the opposition briefs from the first lawsuit, including the issue of attorney's fees, which we previously affirmed.

Finally, the Wallses concede that Mr. Walls is not a proper party to the case. There is no dispute, therefore, that the parties in both actions are identical, even assuming Mr. Walls was not in privity with his wife in the earlier action.

As the district court properly held, "Walls's attempts to restyle her earlier factual allegations . . . are insufficient to avoid the res judicata bar[.]" Walls v. Wells Fargo Bank N.A., 2013 WL 3199675, *3 (E.D. Va. June 20, 2013). We agree with the district court that all three elements of res judicata are met here. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED